UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA,

      Plaintiff,

v.                                Case No.   2:21-cv-771-JLB-NPM

MELINDA MASTERS and JON
CARNER,

      Defendants.

_____/

## ORDER AND NOTICE TO PLAINTIFF

Plaintiff, a civilly committed resident of the Florida Civil Commitment Center (FCCC), moves the Court for a hearing on an alleged breach of a settlement agreement.   (Doc. 142.)[1]   He has also filed motions for the court to rule, for sanctions, for appointment of counsel, and for a preliminary injunction and temporary restraining order.   (Doc. 142; Doc. 143; Doc. 144; Doc. 145; Doc. 146; Doc. 147; Doc. 148).   Upon careful review of Plaintiff's pleadings, all requests for relief are denied.

In his first motion for hearing, Plaintiff argues that he has been placed in the FCCC's special management unit (SMU) for breaking rules at the facility.   (Doc. 142 at 1-2).   Thus, he is required to submit special visitor request forms before he

---

[1] The parties filed a Joint Stipulation of Dismissal with Prejudice on March 7, 2025 because they reached a settlement agreement.   (Doc. 119.)   The Court agreed to retain jurisdiction to enforce the settlement agreement for two years. (Doc. 122.)

can receive visitors in the SMU, and as far as the Court can tell, Plaintiff finds it difficult to find and complete these forms.   Plaintiff also asserts that his wife, Nancy Martinez, was told on the telephone that Plaintiff is not allowed visitors while housed in the SMU, but he also admits that his wife has visited him in the SMU.   (Doc. 142 at 3).   Plaintiff's difficulty in finding and completing visitor request forms is not related to the settlement agreement and does not appear to have anything to do with the subject of Plaintiff's 2021 lawsuit.   Although Plaintiff and his wife do not like the procedural hurdles associated with Plaintiff's confinement in the SMU, the Court already explained to Plaintiff that "[w]hile the settlement agreement provides that the FCCC cannot arbitrarily suspend Martinez's visitation . . . , it does not provide permission for Vega to violate FCCC rules with impunity."   (Doc. 141 at 2).

Plaintiff's motion for injunctive relief (Doc. 147) is even more attenuated from the subject of Plaintiff's visitation with his wife than his motion for hearing.   In that motion, Plaintiff complains that he is not allowed to possess other residents' legal material and that his jump drive containing such material was confiscated and has not been returned.   In what appears to be an effort to express dissatisfaction with the FCCC in as many cases as possible, Plaintiff filed the identical motion for injunctive relief in at least two other cases in this court.   (See Cas Nos. 2:23-cv-202-SPC-KCD, 2:25-cv-239-SPC-NPM).

The Court retained jurisdiction in this case solely for the purpose of ensuring that the FCCC did not unreasonably inhibit Plaintiff's ability to visit with Nancy

Martinez.   Plaintiff's numerous pleadings in this case do not appear to be focused on ensuring that the FCCC allow him to visit with his wife.   Rather, he attacks the rules that led to his confinement in the SMU, personally attacks the character of FCCC employees, and seeks the return of property that he believes was improperly detained.   (Doc. 142 at 1–2, 5; Doc. 147).   The settlement in this case did not in any manner provide permission for Plaintiff to violate FCCC rules and it certainly did not provide an open forum for Plaintiff to air his numerous (and unrelated) grievances with FCCC staff and policies.

Plaintiff's filings—disguised as motions to enforce a settlement agreement yet only tangentially related to the subject matter of the settlement—are abusive and frivolous.   Before filing any further pleadings in this case—which is closed— Plaintiff must contact the defendants' counsel in writing and explain exactly how the defendants have violated the settlement agreement.   Plaintiff must include copies of his written explanation and Counsel's response with any future motion to enforce.   Plaintiff's failure to abide by this order may result in the summary denial of his motions and the imposition of monetary sanctions.

Plaintiff's motions (Doc. 142; Doc. 143; Doc. 144; Doc. 145; Doc. 146; Doc. 147; Doc. 148) are **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3

4